UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN CABOT and DUANE KETTRLES,<br><br>                                Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, ROBERT O'HARE, Individually, JUAN DELSALTO, Individually, and JOHN DOE 1 through 5, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>                                Defendants. | **COMPLAINT**<br><br>17-CV-1991<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs RUBEN CABOT and DUANE KETTRLES, by their attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, which are secured by these statutes and the United States Constitution.

## JURISDICTION

2.      Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6. Plaintiff RUBEN CABOT is a thirty-one (31) year old male of Hispanic origin and a United States Citizen who resides in Kings County, New York.

7. Plaintiff DUANE KETTRLES is a thirty-three (33) year old African-American male and a United States Citizen who resides in Kings County, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

10. At all times hereinafter mentioned, the individually named defendant ROBERT O'HARE, Shield No. unknown, was a duly sworn police officer and supervisor of the NYPD and acting according to his official duties with the NYPD; and, as a Captain, he was a high-ranking uniformed officer with supervisory responsibilities, and an NYPD policy maker with respect to the matters complained of herein.

11. At all times hereinafter mentioned, the individually named defendant JUAN DELSALTO, Shield No. 15080, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD, and according to his official duties.

12. At all times hereinafter mentioned, the individually named defendants JOHN

DOE 1 through 5, Shield Nos. unknown, were duly sworn police officers of the NYPD, and were acting under the supervision of the NYPD and according to their official duties.

13. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

14. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

15. On May 7, 2016, between 10:30 p.m. and 11:00 p.m., Plaintiff RUBEN CABOT ("Mr. Cabot") and Plaintiff DUANE KETTRLES ("Mr. Kettrles") (collectively "Plaintiffs") were lawfully present in the vicinity of 270 West 43rd Street, New York, New York, when Defendants Robert O'Hare, Juan Delsalto, and John Doe 1 through 5, without any lawful justification whatsoever, unlawfully arrested them, seized their bicycles, and imprisoned them.

16. Before, during, and after the defendants arrested them, Mr. Cabot and Mr. Kettrles committed no crime or offense. Likewise, at all times relevant to these events, Mr. Cabot and Mr. Kettrles were not behaving in a manner that would suggest to any reasonable police officer that they had done anything unlawful.

17. Prior to being unlawfully arrested by the defendants on May 7, 2016, Mr. Cabot and Mr. Kettrles rode their bicycles from Brooklyn, where they lived, over the Williamsburg Bridge, and entered Manhattan.

18. They went to New York's famous Katz's Delicatessen, on the Lower East Side, to get food. Mr. Kettrles worked for Katz's at the time; and, as a result, he received a discount

when he purchased food there.

19. Mr. Kettrles entered Katz's, purchased food, left the deli, and then both he and Mr. Cabot rode their bicycles from Houston Street to Manhattan's Westside to eat in the vicinity of Hudson River Park.

20. Upon eating their food in and around the vicinity of Hudson River Park, Mr. Cabot and Mr. Kettrles got on their bicycles and cycled to Times Square.

21. While Mr. Cabot and Mr. Kettrles were riding their bicycles on West 43rd Street, heading West, toward Eighth Avenue, they observed Defendants O'Hare, Delsalto, and Does 1 through 5 construct what appeared to be a human chain link, and one of the defendants ordered them both to "GET THE FUCK OFF THE BIKES AND GET ON THE GROUND!"

22. Mr. Cabot and Mr. Kettrles complied with this order, and Defendant Delsalto and other defendants rear handcuffed and arrested both Mr. Cabot and Mr. Kettrles.

23. When Mr. Cabot and Mr. Kettrles asked why they were being arrested, the defendants informed them, in substance, that, "YOU FUCKING GUYS JUMPED ON CARS AND WEREN'T OBEYING THE LAW."

24. In disbelief at this accusation, Mr. Cabot and Mr. Kettrles repeatedly informed the defendants that they were making a mistake and that they (Plaintiffs) never jumped on any cars or broke any laws. The defendants, however, ignored them.

25. Despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, the defendants placed Mr. Cabot and Mr. Kettrles in an NYPD vehicle and transported them to an NYPD precinct stationhouse, where they remained falsely imprisoned.

26. The defendants actively participated in falsely arresting Mr. Cabot and Mr.

Kettrles and failed to intervene to prevent the defendants, including, but not limited to, Defendants Delsalto, O'Hare, and Does 1 through 5, from unlawfully arresting Plaintiffs.

27. On May 8, 2016, the defendants transported Mr. Cabot from an NYPD precinct to the Manhattan Detention Complex for further imprisonment and eventual arraignment on the baseless charges filed under docket number 2016NY029689. These charges were filed based upon the false allegations of Defendants O'Hare and Delsalto.

28. Likewise, on May 8, 2016, the defendants transported Mr. Kettrles from an NYPD precinct to the Manhattan Detention Complex for further imprisonment and eventual arraignment on the baseless charges filed under docket number 2016NY029690. These charges were filed based upon the false allegations of Defendants O'Hare and Delsalto.

29. Defendants O'Hare and Delsalto knowingly manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Mr. Cabot and Mr. Kettrles at trial.

30. Defendants O'Hare and Delsalto falsely claimed that Plaintiffs were riding bicycles with numerous others against traffic; were weaving in and out of lanes of traffic; that several vehicles stopped abruptly and swerved to avoid hitting Plaintiffs; and that several pedestrian jumped back to avoid being hit by Plaintiffs.

31. On May 8, 2016, Mr. Cabot and Mr. Kettrles were arraigned on false charges of reckless endangerment and disorderly conduct. Upon arraignment, the presiding Criminal Court judge released both Mr. Cabot and Mr. Kettrles on their own recognizance.

32. Prior to their release at arraignment, Mr. Cabot and Mr. Kettrles each spent approximately twenty-four (24) hours falsely imprisoned.

33. The defendants arrested and initiated criminal proceedings against Mr. Cabot and

Mr. Kettrles despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

34. The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Mr. Cabot and Mr. Kettrles.

35. This false arrest, denial of Mr. Cabot's fair trial rights, and malicious prosecution compelled Mr. Cabot to return to the New York County Criminal Court to face these false charges on at least two (2) occasions when, on September 8, 2016, the Criminal Court judge dismissed this malicious prosecution against Mr. Cabot outright.

36. Likewise, this false arrest and denial of Mr. Kettrles's fair trial rights compelled Mr. Kettrles to return to the New York County Criminal Court to face these false charges on at least one (1) occasion when, on July 6, 2016, upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

37. All of the events leading up to and culminating in Mr. Cabot and Mr. Kettrles being subjected to false arrest, denial of fair trial rights, and malicious prosecution occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

38. All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

39. The underlying false arrest, denial of the right to fair trial, and malicious

prosecution is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of reckless endangerment and disorderly conduct and engage in falsification to that end.

40. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights.  Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the defendants to violate Plaintiffs' civil rights.

41. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

42. As a result of the foregoing, Plaintiffs RUBEN CABOT and DUANE KETTRLES have sustained, among other damages, physical injuries, substantial pain, mental injuries, emotional distress, embarrassment, and deprivation of their constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The defendants arrested Plaintiffs RUBEN CABOT and DUANE KETTRLES without probable cause or legal privilege, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

45. The defendants caused Plaintiffs RUBEN CABOT and DUANE KETTRLES to be falsely arrested and unlawfully imprisoned, resulting in Plaintiffs being put in fear for their safety, humiliated, embarrassed, and deprived of their liberty.

46. As a result, Plaintiffs RUBEN CABOT and DUANE KETTRLES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants falsified the information against Plaintiffs RUBEN CABOT and DUANE KETTRLES likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiffs.

49. The defendants caused Plaintiff RUBEN CABOT to be prosecuted without any probable cause and upon the false information that they submitted to the District Attorney's

Office until all of the charges against him were dismissed outright on September 8, 2016.

50. The defendants caused Plaintiff DUANE KETTRLES to be prosecuted without probable cause and upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on July 6, 2016.

51. As a result, Plaintiffs RUBEN CABOT and DUANE KETTRLES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

52. Plaintiff RUBEN CABOT repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The defendants initiated, commenced, and continued a malicious prosecution against Plaintiff RUBEN CABOT.

54. The defendants misrepresented and falsified the information that they presented to the District Attorney's Office in order to prosecute Plaintiff.

55. The defendants did not make a complete and full statement of facts to the District Attorney's Office in the underlying prosecution.

56. The defendants caused Plaintiff RUBEN CABOT to be prosecuted without any probable cause until all of the charges against him were dismissed outright on September 8, 2016, resulting in a favorable termination for Plaintiff.

57. As a result, Plaintiffs RUBEN CABOT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The defendants had an affirmative duty to intervene on behalf of Plaintiffs RUBEN CABOT and DUANE KETTRLES, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

60. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

61. As a result of the defendants' conduct, Plaintiff RUBEN CABOT was subjected to false arrest; denial of his right to a fair trial; malicious prosecution; his liberty was restricted for an extended period of time; he was put in fear for his safety; and he was subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

62. As a result of the defendants' conduct, Plaintiff DUANE KETTRLES was subjected to false arrest; denial of his right to a fair trial; his liberty was restricted for an extended period of time; he was put in fear for his safety; and he was subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

63. As a result, Plaintiffs RUBEN CABOT and DUANE KETTRLES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

64. All of the foregoing acts of the defendants deprived Plaintiffs RUBEN CABOT and DUANE KETTRLES of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from denial of the right to a fair trial;

    C. To be free from malicious prosecution; and

    D. To be free from the failure to intervene.

65. As a result, Plaintiffs RUBEN CABOT and DUANE KETTRLES are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs RUBEN CABOT and DUANE KETTRLES demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
March 18, 2017

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
26 Broadway, Suite 2100
New York, New York 10004
Tel: (212) 323-7410
Fax: (212) 323-7411

By:   *Craig Trainor*
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiffs RUBEN CABOT and DUANE KETTRLES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN CABOT and DUANE KETTRLES,<br><br>                              Plaintiffs,<br><br>-against-<br><br>CITY OF NEW YORK, ROBERT O'HARE, Individually, JUAN DELSALTO, Individually, and JOHN DOE 1 through 5, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>                              Defendants. | 17-CV-1991 |

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiffs
26 Broadway, Suite 2100
New York, New York 10004