UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

RUBEN CABOT and DUANE KETTRLES,

                                Plaintiffs,

                -against-

CITY OF NEW YORK, et al.,

                                Defendants.

**ANSWER TO THE COMPLAINT**

17 Civ. 1991 (JGK)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

Defendants City of New York and Juan Delsalto, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.      State that the allegations set forth in paragraph "5" of the complaint are not averments of fact to which a response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "6" of the complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.     Admit the allegations set forth in paragraph "8" of the complaint.

9.     Deny the allegations set forth in paragraph "9" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that Captain O'Hare is an employee of the NYPD.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that PO Desalto is an employee of the NYPD.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     State that the allegations set forth in paragraph "13" of the complaint are legal conclusions to which no response is required; to the extent a response is required, deny.

14.     State that the allegations set forth in paragraph "14" of the complaint are legal conclusions to which no response is required; to the extent a response is required, deny.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

- 3 -

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint, except admit that the plaintiffs were arrested.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint, except admit that Cabot was arraigned.

28.     Deny the allegations set forth in paragraph "28" of the complaint, except admit that Kettrles was arraigned.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit that the plaintiffs were arraigned and released on their own recognizance.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint, except admit that charges against Cabot were dismissed on September 8, 2016.

36.     Deny the allegations set forth in paragraph "36" of the complaint, except admit that the charges against Kettrles were dismissed on July 6, 2016.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in  paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.    In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    Deny the allegations set forth in paragraph "64" of the complaint.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants City or Delsalto.

### THIRD AFFIRMATIVE DEFENSE:

There was probable cause for plaintiffs' arrests, detentions, and prosecutions.

### FOURTH AFFIRMATIVE DEFENSE:

Defendants City and Delsalto have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

Defendant  Delsalto has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York.

### SEVENTH AFFIRMATIVE DEFENSE:

Plaintiffs have failed to mitigate their alleged damages.

**WHEREFORE,** defendants City of New York, Delsalto, and O'Hare  request judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                July 21, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendant City of New York*
                                        100 Church Street, Room 3-153
                                        New York, New York 10007
                                        (212) 356-2572


                        By:

                                        _____/S/_____
                                        Angharad K. Wilson
                                        Assistant Corporation Counsel


cc:     BY ECF
        Craig Trainor, Esq.
        The Trainor Law Firm, P.C.
        26 Broadway, Suite 2100
        New York, NY 10004